UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERRARI FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br> vs. <br> TAURAYI MURAPA, <br><br> Defendant. | Case No.: 2:24-cv-01640-GMN-EJY <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss ("MTD"), (ECF No. 12), filed by Defendant Taurayi Murapa. Plaintiff Ferrari Financial Services, Inc. filed a Response, (ECF No. 13), to which Defendant filed a Reply, (ECF No. 15). Also pending before the Court is Plaintiff's Application for Writ of Possession or Writ of Attachment, (ECF No. 16). Further pending before the Court is Plaintiff's Motion for a Temporary Restraining Order, (ECF No. 17). Defendant filed a joint Response to Plaintiff's Motions, (ECF No. 22).

Because the amount in controversy does not meet the jurisdictional threshold, the Court **GRANTS** Defendant's Motion to Dismiss. Moreover, because the Court lacks subject matter jurisdiction over this matter, it **DENIES without prejudice** Plaintiff's Application for Writ of Possession or Writ of Attachment and Motion for Temporary Restraining Order.

I.   **BACKGROUND**

This case arises from Defendant's failure to make his car lease payments. (*See generally* Compl., ECF No. 1). In 2018, Defendant entered into a Motor Vehicle Lease Agreement (the "Contract") relating to the lease of a 2010 Ferrari (the "Vehicle"). (*Id.* ¶ 6). Pursuant to the Contract, Defendant agreed to make 60 monthly installment payments. (*Id.* ¶ 8). Defendant would default if he failed to make payments when due, or failed to return the Vehicle at lease

end if he did not purchase the Vehicle. (*Id.* ¶ 9).  Upon default, Defendant agreed to pay Plaintiff repossession and storage expenses as well as reasonable attorney fees and court costs. (*Id*. ¶¶ 10, 11).  Defendant has not made a payment under the Contract since May 2024 and is in default. (*Id*. ¶ 12).  In July 2024, Plaintiff sent a demand letter to Defendant indicating that the Contract was in default, and that Defendant should tender the full payoff in the amount of $38,934.52. (*Id.* ¶ 13).  To date, Defendant has not responded to the demand letter, tendered the payoff amount, nor returned the Vehicle to Plaintiff. (*Id.* ¶ 14).

Plaintiff subsequently filed suit in this Court seeking the return of the Vehicle and alleging a breach of contract claim against Defendant. (*See generally id*.).  Defendant moves to dismiss the Complaint asserting that the Court lacks subject matter jurisdiction over the case. (*See generally* MTD, ECF No. 12).

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).  Therefore, before a federal court may consider the merits of a case, it must first determine whether it has proper subject matter jurisdiction. *Scott v. Pasadena Unified Sch. Dist*., 306 F.3d 646, 653–54 (9th Cir. 2002).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, courts court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen*, 511 U.S. at 377.

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.*

When, as here, a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

### III.  DISCUSSION

Defendant moves to dismiss for lack of subject matter jurisdiction arguing that the amount in controversy requirement under 28 U.S.C § 1332(a) is not met.[1] The district court ascertains the amount in controversy from the face of the pleadings. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). "The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (quoting *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)). "[D]iversity jurisdiction is determined at

---

[1] Defendant also moves to dismiss the Complaint arguing that the Contract compels the Parties to submit to arbitration proceedings. (MTD 5:5–6). Because the Court concludes that it lacks subject matter jurisdiction, it need not make a determination on Defendant's arbitration argument.

the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293–95 (1938).

Here, the Complaint alleges that the amount in controversy exceeds $75,000 because the fair market value of the Vehicle is approximately $90,000. (Compl. ¶ 3). However, Defendant argues that the basis for the amount in controversy is the amount owed pursuant to the Contract, not the fair market value of the car. (MTD 2:3–10). The amount owed under the Contract at the time Plaintiff filed the Complaint was $39,443.03, plus interest and attorneys' fees. (Compl. ¶ 17). Defendant further avers that even if the car's fair market value was relevant to determining the amount in controversy, its fair market value does not exceed $75,000. (MTD 3:3). Accordingly, the Court will presume lack of subject matter jurisdiction until Plaintiff proves otherwise in response to the Motion to Dismiss. *Kokkonen*, 511 U.S. at 377.

Plaintiff bears the burden of establishing that subject matter jurisdiction exists because Plaintiff filed suit in federal court. *See Scott*, 792 F.2d at 927. Plaintiff argues that the amount in controversy is met because the value of the vehicle, plus the unpaid lease payments and attorneys' fees, exceeds $75,000. (Resp. 4:10–12). Plaintiff offers no legal justification or case law to support its contention that the amount in controversy should be calculated by adding the value of the car plus unpaid lease payments. Nor does Plaintiff explain why it would be entitled to recover an amount for the value of the vehicle plus the unpaid lease payments. In fact, Plaintiff's Complaint makes clear that it seeks to recover the amounts due and owing under the Contract, in the amount of $39,443.03, plus default interest, and attorneys' fees and costs incurred in enforcing its rights under the Contract. (Compl. ¶ 32). Plaintiff avers that it has incurred $27,000 in attorneys' fees and costs. (Resp. 5:24). Even so, the amount in controversy is only $66,443.03. Thus, Plaintiff fails to meet its burden of establishing that the amount in controversy is met and that the Court has subject matter jurisdiction over the matter.

Accordingly, Defendant's Motion to Dismiss is GRANTED.  Plaintiff's Complaint is DISMISSED without prejudice so that Plaintiff may reassert its claims in a competent court. *See Frigard*, 862 F.2d at 204.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 12), is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Application for Writ of Possession or Writ of Attachment, (ECF No. 16), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order, (ECF No. 17), is **DENIED without prejudice**.

The Clerk of Court is kindly directed to close the case.

**DATED** this __19__ day of March, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT